**Entered JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 08-01896-SGL(JCRx)                                          Date:  June 4, 2008

Title:    LAMANOR HARRIS and ISRAEL HARRIS -v- BAYER HEALTHCARE
         PHARMACEUTICALS, INC., et al.
================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                                       None Present
        Courtroom Deputy                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                          None present

PROCEEDINGS:    ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT
                MOTION TO STAY (IN CHAMBERS)

     This matter was heard on June 2, 2008, at which time the Court took the motions to remand and to stay under submission.

     In this action, plaintiff alleges that she was injured based on the injection of gadolinium-based contrast agents in connection with an MRI and MRA scans.  Plaintiffs have sued the manufacturers and distributors of these agents.

     The manufacturer-defendants are diverse from plaintiffs; the distributor-defendants are not.  Plaintiff has moved to remand for lack of subject-matter jurisdiction; defendants contend that the distributor-defendants are sham defendants whose citizenship should be ignored for purposes of determining whether the Court has subject-matter jurisdiction.

     Generally, diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of the parties; however, removal is proper even with a non-diverse defendant when that non-diverse defendant has been fraudulently joined, or is, in other words, a "sham" defendant.  See <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).  A non-diverse defendant is deemed a sham and will not defeat jurisdiction if, after all disputed questions of fact and all ambiguities in the controlling state

law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.  Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1426 (9th Cir.1989). The failure to state claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." United Computer Systems v. AT & T Corp., 298 F.3d 756, 761 (9th Cir.2002).  A defendant who asserts that a non-diverse defendant has been joined has the burden of proof and the Court must remand the case unless the defendant shows that there is no chance that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. See Levine v. Allmerica Financial Life Ins. & Annuity Co., 41 F.Supp.2d 1077, 1078 (C.D. Cal.1999).

Here, under California law, it is not the settled that a plaintiff cannot sue a distributor based on defective products; to the contrary, it is settled that a plaintiff may.  See Motion at 4 (collecting case).  On the more specific issue of whether a plaintiff may sue a distributor of pharmaceuticals, as acknowledged by the defendants, the law in California is unsettled.  See Removing Defs.'' Opp. at 8-9.  However, the fact that the weight of the authority in a state may weigh in favor of a defendant arguing that it has been fraudulently joined is not sufficient to meet its burden that the failure to state a claim is "obvious according to the well-settled rules of the state."  United Computer Systems, 298 F.3d at 761.  So long as the law remains unsettled, the standard for meeting fraudulent joinder is not met.

Accordingly, the Motion to Remand is **GRANTED** and this action is **REMANDED** to the Los Angeles Superior Court.

In light of the Court's grant of the motion to remand, the Motion to Stay pending transfer to MDL is **DENIED AS MOOT.**

**IT IS SO ORDERED.**